# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

FILED

2026 JUN 30 PM 3: 58

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN.

**In re:** PAMELA HYDE BELL, Debtor.
**Case No.** 25-03593
**Chapter 7**
CHRISTOPHER ROSS, Plaintiff,
**v.**
PAMELA HYDE BELL, Defendant.
**Adversary Proceeding No.** 3:26-ap-90047

---

**NOTICE OF DEBTOR'S MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b) AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TO: THE PLAINTIFF AND ALL PARTIES OF RECORD**

**PLEASE TAKE NOTICE** that the Defendant, Pamela Hyde Bell, acting *pro se*, has filed a Motion to Extend Time to Answer or Respond to the Complaint in this court.
**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)
If you do not want the court to grant the relief requested in the motion, or if you want the court to consider your views on the motion, then on or before **twenty-one (21) days** from the date of service of this notice, you or your attorney must file a written response or objection with the Clerk of the United States Bankruptcy Court for the Middle District of Tennessee.
**Court Address:**
Clerk, United States Bankruptcy Court
Middle District of Tennessee
701 Broadway, Room 170
Nashville, TN 37203

You must also serve a copy of your response or objection upon the Defendant at the address listed below.

If you file a timely response or objection, the court will schedule a hearing. You will receive notice of the date, time, and location of the hearing.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Respectfully submitted,

Date: June 30, 2026

By: _Pamela Hyde Bell_

**Pamela Hyde Bell**, Defendant *pro se*
219 Gloucester Street
Franklin, TN 37064
615-916-1448
pbhb1127@gmail.com

---

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
[NASHVILLE DIVISION]

In re:
PAMELA HYDE BELL,
Debtor.
Bankruptcy Case No. 3:25-bk-03593
Chapter 7
Honorable Randal S. Mashburn

CHRISTOPHER ROSS,
Plaintiff,

v.

Adversary Proceeding No. 3:26-ap-90047
PAMELA HYDE BELL,
Defendant/Debtor.

## DEBTOR'S MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b) AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The Debtor and Defendant, Pamela Hyde Bell (the "Debtor"), appearing *pro se*, respectfully moves this Court to dismiss the Adversary Complaint filed by Plaintiff, Christopher Ross, with prejudice.

As detailed below, the Plaintiff's Complaint fails to state a claim upon which relief can be granted under 11 U.S.C. § 727(a)(3) and 727(a)(4)(A). The Plaintiff's claims rest on a fundamental misunderstanding of Tennessee trust law and are completely contradicted by the very exhibits attached to the Complaint. Accordingly, this action must be dismissed pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)

(6).

---

## I. STATEMENT OF FACTS

The Plaintiff, Mr. Ross, is an unsecured creditor holding an unliquidated personal injury civil claim with no judgment against the Debtor. The Plaintiff's Adversary Complaint seeks to block the Debtor's Chapter 7 discharge based entirely on a Revocable Trust that was established nearly seven years before the Debtor filed her bankruptcy petition.

The Debtor is a co-defendant alongside her son, Charles Bell, in a pending state court personal injury civil lawsuit filed August 18, 2021 in Williamson County Circuit Court. That civil case was automatically stayed on August 29, 2025, as to the Debtor upon her Chapter 7 filing of August 28,2025. The Debtor's son is a designated beneficiary of the historical 2018 Revocable Trust. Crucially, the Plaintiff was unable to obtain internal copies of the Trust agreement during the discovery phase of the state court civil case. The Plaintiff has now initiated this adversary proceeding in an attempt to compel production of documents from the Debtor that are entirely irrelevant to the Debtor's personal bankruptcy estate, but highly relevant to the Plaintiff's stayed litigation against her non-debtor son. The Plaintiff's attorneys have had ample time between August 29,2025 to May 7, 2026, to file a Motion for relief from the Automatic Stay with the bankruptcy court, but failed to do so.

The Plaintiff's Complaint relies on a series of events regarding a Revocable Trust that was created nearly 7 years before the Debtor filed her bankruptcy petition. The chronological history of this Trust and its relation to the Complaint, are as follows:

- **April 6, 2018**: Meridius Trust (the Trust) was created as a Revocable Trust by and between Pamela Hyde Bell, ("an unmarried Grantor and Trustee") and Loyd Binford Bell, ("an unmarried Grantor and Trustee"). The Trust was a simple and straightforward document and was created to provide for their joint custodial five children as Beneficiaries and to avoid Probate (Complaint Exhibit 5, page 43,56). Neither Grantor contributed any assets to the Original Trust (Complaint Exhibit 5, page 45,47). Neither the Debtor or Mr. Bell were then, or ever have been named as beneficiaries of the Trust (Complaint Exhibit 1and 4).

- **April 18, 2018**: The Meridius Trust purchased 219 Gloucester Street Franklin, Tn 37064, the residential real property where the Debtor currently resides along with several of her custodial children. The Debtor signed, at the request of her ex-husband,(who was out of town at the time) the purchase and sale agreement, the closing statement (Complaint Exhibit 5 (no.4,5,6,) and the Warranty Deed (Complaint Exhibit 5,(no.8) strictly in her administrative capacity as Co-Trustee, not as an individual owner (Exhibit 5. Page 57). It was agreed upon by both Trustees for the Trust to purchase the real property in order to provide a stable living situation for their then minor joint custodial 5 children to reside when under the care of their custodial parents. The Trustees mutually agreed that each parent could reside in the property as "tenants at will" at anytime along with the beneficiary children.

- **August 31, 2018**: The Debtor officially resigned, in writing, as Co-Trustee of the Trust 7 years pre-petition. The Debtor completely severed all ties, administrative duties, and legal associations with the Trust and named her brother, Robert Hyde, Jr. as Successor Trustee. (Complaint Exhibit 5, (3), page 53). This resignation left Mr. Bell as the sole Trustee of Meridius Trust.

- **August 2018 – Present**: For nearly eight years, the Debtor has had no involvement with, authority over, or access to the Trust or its internal records. During her time serving as Trustee, there was no need for filing tax returns, accountings, or any requirements regarding record keeping because the Trust had no revenue and it's sole asset was the real property located at 219 Gloucester St. Franklin, TN.

- **November 11, 2020:** Debtor's adult son, Charles, is involved in an accident while driving her car without her permission. The Plaintiff's motorcycle collided with her son's car when he was turning left into the DMV on S. Carothers Pkwy. in Franklin, TN.

- **August 18, 2021:** Four year's pre-petion, the Plaintiff files a civil action in Circuit Court, Williamson County, Tennessee against the Debtor and her son, Charles.

- **September 22, 2021:** Debtor received a request from Plaintiff's attorney to complete a Declaration and provide tax returns and other financial information.

- **October 21, 2021:** Debtor fully complied and voluntarily provided a signed declaration under oath with the requested information (see Exhibit 1 of Plaintiff's Objection). The Debtor was not at this time insolvent.

- **December 2, 2021:** Plaintiff's attorney sent an email to Debtor's Liberty Mutual attorney (Exhibit 3) acknowledging receipt of tax returns and made first mention of the Trust and in the email, she acknowledged that the Trust owns the house by saying: "Please also disclose their relationship to the Trust that owns the house."

- **October 12, 2022:** Debtor sa for a Deposition at Plaintiff's behalf. Debtor's attorney, Mr. David Hooper, objected to any questions regarding the Trust. Mr. Hooper had advised the Debtor, prior to the deposition, that she was under no obligation to provide the Plaintiff's attorney any further information regarding her financial situation or the Trust. She had already voluntarily given them the relevant information that they had requested.

- **July 13, 2023:** Debtor signs a Rule 72 Declaration under oath (Exhibit 4 of Plaintiff's complaint). Again, Debtor was fully cooperated and voluntarily stated that: (1.) The Trust was Revocable (2.) The Debtor was an Original Co- Grantor and Co-Trustee (3.)The Debtor placed no assets in the Trust and was not a beneficiary ( 4.)The Debtor resigned as Trustee, and (5. }The Debtor had no beneficial ownership in the Trust.

- **August 28, 2025:** Debtor filed a Chapter 7 Bankruptcy petition with The Middle Tennessee District via her attorney, Joe Rusnak. Debtor received Form 309 A Notice of Chapter 7 Bankruptcy Case – No Asset stating Interim Bankruptcy Trustee as Jeanne Ann Burton and setting the Meeting of Creditors date of September 22, 2025 and November 21,2025 discharge deadline.

- **August 29, 2025:** The Circuit Court for the 21st Judicial District at Williamson County, Tennessee files an Order Staying Case No. 21CV-336 Christopher Ross, Plaintiff v. Charles and Pamela Bell, Defendants.

- **September 22, 2025:** First 341 Meeting of Creditors attended by the Debtor and her counsel, Mr. Joe Rusnak, Bankruptcy Trustee Jeanne Ann Burton, Laura Baker and David Anthony as Counsel on behalf of the Plaintiff, Christopher Ross. No other Creditors were in attendance. At the meeting, the Debtor testified that she was not in possession of a copy of the Trust and that she has resigned as a Trustee in 2018, seven years prior. Ms. Burton continued the Meeting to October 20, 2025 to allow Debtor to provide her with some additional information and attempt to obtain a copy of the original Trust Document.

- **October 20, 2025:** Second 341 Meeting Meeting of Creditors attended by Debtor and her attorney, Ms. Burton and Laura Baker. Ms. Baker asked numerous questions about the Trust and again, the Debtor fully cooperated explaining that she did not have a copy of the Trust and had been unable to obtain it from her ex-husband, the current Trustee. She also explained that her brother, Robert Hyde, whom she named as Successor Trustee, upon her resignation in 2018, never had a copy of the Trust and had no information about it. The Chapter 7 Trustee took no action in the matter regarding the Trust or the Property it owns, concluding it was not property of the Bankruptcy estate.

- **November 19, 2025:** Mr. Anthony emails Debtor's attorney stating that he is assisting Laura Baker, Plaintiff's attorney, in navigating the Bankruptcy process in this case and requested an extension of the deadline to object to discharge to January 21, 2026 for the benefit of this Creditor only. An agreed order was entered on November 20, 2025. Prior to this date, the Plaintiff's attorney's made no formal or informal requests for further discovery from the Debtor.

- **December 29, 2025:** The Plaintiff filed a second Motion to Extend Time for Filing Complaint Objecting to Discharge seeking to extend the deadline to February 20, 2026. This Motion was granted without objection. Prior to this filing, the Plaintiff again had made no formal or informal requests for discovery of the Debtor.

- **December 31, 2025:** The Plaintiff's attorney, David Anthony, filed a motion for a Bankruptcy Rule 2004 exam. This motion was granted without objection.

- **February 5, 2026:** After several postponements due to the Nashville Ice Storm, the Debtor underwent an extensive Rule 2004 examination conducted by the Plaintiff's state court attorney, Laura Baker, not by Mr. Anthony. The entire deposition is attached to the Plaintiff's Complaint (Exhibit 5). At the examination, the Debtor was fully cooperative to Ms. Baker's questions, many of which were the same ones she responded to in her state court deposition in 2022. The Debtor answered all her questions under oath. Despite repeated efforts by the _____ an admission that the Debtor owns the Property, the Debtor repeatedly explained that the Trust owned the Property. The Debtor also produced, at the examination, all of the requested documents that were in her possession and control. To be noted, at the time of the 2004 exam, for over three years, the Plaintiff's attorney had been

"investigating the Debtor's financial condition" to which she had been overly cooperative, consistent, and truthful regarding her relationship to the Trust and the Property that it owns.

- **February 19, 2026:** Plaintiff's attorney filed a **third** Motion to extend deadline to April 21, 2026 (the Fourth Deadline), marking five months from the initial fixed deadline to file complaints objecting to the discharge/dischargeability of November 21, 2025. The Plaintiff sought this third extension in order to continue their "investigations". Prior to this filing, the Plaintiff made no formal or informal requests for discovery of the Debtor.

- **March 6, 2026:** Debtor's attorney files an Objection to the Motion to Extend claiming that the Plaintiff had not established sufficient cause under Bankruptcy Rules 4004 (b) and 4007 (c) for the court to extend the deadline again, arguing that these Rules exist to further "two important bankruptcy policies: (i) the prompt administration of bankruptcy cases, and (ii) the fresh start goal of bankruptcy relief." A hearing date was set for March 24, 2026.

- **March 24, 2026:** The Matter was heard by The Honorable Randal S. Mashburn and counsel for both parties appeared.

- **March 25, 2026:** An order was filed denying the Plaintiff's request for an extension of time pursuant to 11 U.S.C. § 523 and granting the request for extension to object to the Debtor's discharge pursuant to 11 U.S.C. § 727. The deadline to file a complaint was extended to May 8, 2026.

- **May 7, 2026:** A new attorney, Henry E. ("Ned") Hildebrand, IV, for the Plaintiff filed a Complaint to Deny Discharge Pursuant to 11 U.S.C.§ 727 **one day** before the extended deadline. Prior to this filing, the Plaintiff's attorney, again made no formal or informal requests for further discovery of the Debtor.

- **May 8,2026:** Debtor received notice from her attorney, Joe Rusnak, of the Complaint filed and his requirement of of substantial retainer in order to assist her in responding to the Adversary Proceeding. After several emails and phone calls with Mr. Rusnak, Debtor informed him that she was unable to afford his counsel in the matter due to her insolvency and that was the reason for her bankruptcy filing in the first place. She stated that she had no other choice but to proceed pro se. Debtor contacted the Legal Aid Society and several other attorneys to represent her, only to learn that litigating an adversarial proceeding in the bankruptcy court is very costly and a global "death penalty" to the Debtor. Mr. Rusnak informed her that he would withdraw as counsel and suggested that the Debtor should contact Mr. Hildebrand, the Plaintiff's new attorney, and request a courtesy extension to file an answer to the Complaint. Debtor made numerous attempts via phone and email to contact Mr. Hildebrand and was finally able to speak with him and they mutually agree on an extension.

- **June 12, 2026:** An agreed order to extend the deadline to answer the Plaintiff's complaint to June 30, 2026 was filed with a Pre-trial conference scheduled for July 22, 2026.

## II. LEGAL STANDARD UNDER RULE 12(b)(6)

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)(6) applicable to adversary proceedings. To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face" [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]. The Sixth Circuit has made clear that a complaint does not suffice if it offers nothing more than broad generalizations, "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" [*Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)]. Furthermore, a court may consider any exhibits attached to the complaint [*Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)]. Where an attached exhibit directly contradicts the bare allegations of the complaint, the exhibit controls, and the court need not accept the plaintiff's assertions as true [*Battle v. Federal National Mortgage Ass'n*, 622 F. App'x 526 (6th Cir. 2015)].

## III. ARGUMENT
### COUNT I MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE AN UNJUSTIFIED FAILURE TO KEEP RECORDS UNDER SECTION 727(a)(3)

To maintain under § 727 (a) (3), a plaintiff must plead specific facts showing the debtor failed to keep or preserve records from which the debtor's financial condition might be ascertained.

The purpose of this statute is to ensure that creditors and the Bankruptcy Trustee receive

sufficient information to trace the debtor's financial history. (In re Krohn, 886 F.2d 123, 126 (6th Cr.1989). In this case, the Plaintiff has paradoxically defeated it's own cause of action by the very act of filing its Complaint. Plaintiff has attached voluminous evidence to its pleading that provide a comprehensive, under oath road map of the Debtor's financial condition. The Plaintiff by providing Exhibits 1-5 in his Complaint, cannot plausibly assert that the Debtor's financial records are absent, missing or destroyed. The Plaintiff asserts that the Debtor should be denied a discharge because she does not possess or preserve a copy of the Revocable Trust agreement. This claim is legally deficient.

The purpose of § 727(a)(3) is to ensure that creditors and the trustee receive accurate information concerning the *debtor's personal* financial condition and business transactions [*In re Strbac*, 235 B.R. 880, 882 (B.A.P. 6th Cir. 1999)]. The initial burden rests on the plaintiff to show that the debtor failed to keep records, *and* that this failure makes it impossible to discern the debtor's true financial condition [*In re Wazeter*, 209 B.R. 222, 227 (W.D. Mich. 1997)].

The Plaintiff explicitly admits in his Complaint that the Trust is the "ostensible owner" (see page 10 of the Complaint) of the real property and framing the bankruptcy estate's interest as purely hypothetical, by stating only that: "if the property were capable of administration," a distribution might occur. By the Plaintiff's own admission, the Property is not an asset of the estate under U.S.C. § 541.

The Plaintiff cannot meet this burden. A trust is a separate legal entity. As affirmed in Sixth

Circuit jurisprudence like *JP Morgan Chase Bank, N.A. v Larry J. Winget* (U.S. Sixth Circuit of Appeals, No 18-2089), a revocable trust is treated as an independent legal entity from its settlor. The Debtor was never a beneficiary and never transferred personal assets into the Trust. Upon her resignation, seven years prior to filing her bankruptcy petition, the Debtor terminated any fiduciary or practical obligation to maintain books and records of that separate legal entity (the Trust).

The duty to preserve financial records in bankruptcy is not absolute. Under 11 U.S.C.§ 727(a) (3), a debtor's duty to keep and preserve recorded information is bounded by a **rule of reason**. *In re Sendecky*, 283 B.R.760 (B.A.P. 8th Cir, 2002), a court will not deny a debtor a discharge if the failure to keep records is "justified under all of the circumstances of the case". The denial of a discharge is a "harsh sanction." Therefore, the courts strictly construe 11 U.S.C. § 727 in favor of the debtor. The Debtor in this case has made every effort to provide all information regarding the Trust (created almost a decade ago), to which she has no current beneficial interest in the property it owns.

The court-appointed Chapter 7 Bankruptcy Trustee conducted two separate § 341 Meetings of Creditors. Upon full disclosure by the Debtor of the 2018 Trust history, the Chapter 7 Trustee takes no action against the Trust or its property, concluding it is not property of the

bankruptcy estate.

The Plaintiff has used three consecutive extensions of time under Federal Rule of Bankruptcy Procedure 4004(b) to prolong this case and afford the Debtor a "fresh start.". In re Kroschel,627 B.R.889 (Bankr. N.D. Ohio 2021): While bankruptcy courts routinely grant first extensions for cause, Sixth Circuit bankruptcy courts heavily scrutinize successive extensions. The Plaintiff, as a Creditor, has failed to uncover any actionable fraud despite having three extended periods to "investigate", and the complaint should be dismissed because it is a "fishing expedition" meant to harass the Debtor.

**The Debtor's Lack of Possession is Fully Justified Due to the Refusal of a Third-Party Custodian**

Even if a trust agreement were deemed relevant to this estate (*which it is not*), a debtor cannot be penalized under § 727(a)(3) for failing to produce records that are exclusively controlled by a non-debtor third party who refuses to cooperate.

Here, the sole current Trustee of the Trust is the Debtor's ex-husband. He is an independent third party. The Debtor has actively requested a copy of the Trust agreement from him, and he has explicitly refused to provide it, based on advice of counsel, and the fact that he is not a party to the Plaintiff's civil case or to the Debtor's bankruptcy case.

Because the Debtor resigned in 2018 and holds no beneficial interest, she has no legal standing or authority under the Tennessee Uniform Trust Code to force a third-party Trustee

to hand over internal trust files. Because the document is completely outside the Debtor's custody, control, and legal reach, her inability to produce it is entirely justified as a matter of law, and Count I must be dismissed.

## COUNT II MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO PLEAD A KNOWING AND FRAUDULENT FALSE OATH UNDER SECTION 727(a)(4)(A)

To deny a discharge under § 727(a)(4)(A), a plaintiff must establish that the debtor knowingly and intentionally made a false statement under oath with actual fraudulent intent to deceive [*In re Hamo*, 233 B.R. 747, 754 (B.A.P. 6th Cir. 1999)]. Because this claim sounds in fraud, it must meet the heightened pleading standard of Rule 9(b), detailing the exact "who, what, when, where, and how" of the alleged lie.

### A. The Debtor's Statement on Schedule B is Legally Accurate Under the Tennessee Uniform Trust Code and is Not A False Oath

The Plaintiff alleges that the Debtor committed a false oath by stating on Schedule B of her Bankruptcy petition, that she has "no right to gain legal ownership" of the residential property. This is a correct statement of Tennessee law. Under the Tennessee Uniform Trust Code, a trust is an independent legal entity separate from its grantors and trustees [Tenn. Code Ann. § 35-15-101 et seq.]. The Plaintiff's own complaint establishes that the Debtor was never a Beneficiary of this Trust. She was merely a Co-Trustee, which is a strictly administrative role.

Furthermore, the Debtor formally resigned as Co-Trustee in August 2018. Under Tenn. Code Ann. § 35-15-705, a trustee's resignation completely terminates all of their powers, duties, and administrative relationships with the trust estate. Because the Debtor holds no beneficial interest and resigned her administrative title nearly eight years ago, she possesses zero legal or equitable interest in the Trust's assets. An accurate statement of property rights on bankruptcy schedules cannot serve as a "false oath."

### B. The Warranty Deed and Closing Statement Prove the Debtor Acted Solely as a Representative

The Plaintiff points to the 2018 closing statement of the Property (Complaint Exhibit 5, Index Exhibits No. 4,5,6) and Warranty Deed (Exhibit 2) to argue that the Debtor has a personal ownership interest in the property. However, upon plain reading of the Plaintiff's own exhibits, this claim is legally defeated. Under long-standing Sixth Circuit and Tennessee property law, a person signing a deed strictly as a "trustee" does not vest individual, personal ownership in the underlying real estate [*In re Cannon*, 277 F.3d 838 (6th Cir. 2002)]. The Plaintiff's exhibits show that the Debtor signed the 2018 closing documents solely in her capacity as "Co-Trustee." Because she resigned from that role in August 2018, any administrative relationship she had with that property ended years ago. If anything, the Warranty Deed proves the property belongs exclusively to the Trust entity, making the Debtor's statement on Schedule B ("no right to gain legal ownership") 100% accurate.

## C. The Plaintiff's "Power to Revoke" and Funding Arguments are a Legal Impossibility

The Plaintiff's primary legal theory is that because the Debtor was an original co-grantor of the Trust in 2018, she retains an implicit "power to revoke" the Trust, which would allow her to seize the property for her bankruptcy estate. This argument represents a fundamental misunderstanding of Tennessee trust law. A trustee holds only bare legal title for the benefit of others, not personal ownership.

Under the Tennessee Uniform Trust Code, a grantor's power to revoke a trust is strictly limited to pulling back assets *that the grantor actually contributed to the trust* [Tenn. Code Ann. §35-15-602(b) (2)]. The statutory text states: *"If a revocable trust is created or funded by more than one settlor... each settlor may revoke or amend the trust only with regard to the portion of the trust property attributable to that settlor's contribution."* The Plaintiff's assertion that the Debtor purchased the property is pure speculation that fails the heightened pleading standards of Rule 9(b). A review of the 2004 exam deposition (Complaint Exhibit 5 pp 57,70) shows that the Plaintiff's attorney asked the Debtor numerous times to admit she personally purchased the property. Every single time, the Debtor testified consistently and truthfully under oath that the Trust purchased the property, not her.

## D. The Plaintiff Lacks Authority to Override the Chapter 7 Trustee's Administration

Whether property belongs to a bankruptcy estate under 11 U.S.C. § 541 is determined by

state law [*In re Cannon*, 277 F.3d at 849]. Because the Debtor has no beneficial interest, no administrative title, and no statutory power to revoke under Tenn. Code Ann. § 35-15-602, the residential property is not property of her bankruptcy estate.

This legal reality was confirmed by the court-appointed Chapter 7 Bankruptcy Trustee. The Trustee is the sole party legally empowered to collect and administer assets for the benefit of creditors [11 U.S.C. § 704]. The Chapter 7 Trustee fully reviewed the Debtor's openly disclosed information regarding the Trust at two separate § 341 Meetings of Creditors and chose not to pursue the property. An unsecured personal injury plaintiff with no judgment lacks the legal authority to override the Chapter 7 Trustee's administration and claim an asset belongs to the estate when the court-appointed Trustee has already determined it does not. In re Keeney, 227 F.3d 679 (6th Cir.2000): The Sixth Circuit ruled that to deny a discharge under § 727 (a) (4) (A) for a false oath or hidden asset, the plaintiff must prove the debtor acted with actual intent to defraud and that the misstatement was material. Since the Chapter 7 determined that the asset was not part of the estate, there is no evidence of false oath by the Debtor. The Plaintiff fails to legally prove the Debtor gave a false statement, and the court should dismiss this objection.

**E. The Complaint is an Improper Fishing Expedition Intended to Circumvent State Court Discovery**

Beyond the fatal pleading defects under Rules 12(b)(6) and 9(b), the Complaint should be dismissed because it utilizes the federal bankruptcy rules for an improper, collateral purpose.

The Sixth Circuit and federal bankruptcy courts have routinely held that a Section 727 adversary proceeding is a severe remedy meant solely to protect the integrity of the bankruptcy estate—it is not an alternative discovery tool for unrelated state court litigation. Filing a discharge objection to unearth documents for use outside the bankruptcy court constitutes an improper fishing expedition.

The Plaintiff's target is not the Debtor's no asset personal estate, but rather the Trust of which the Debtor's non-debtor son is a beneficiary. Having failed to obtain the trust documents in the prepetition civil case against the Debtor and her son, the Plaintiff is using the threat of a discharge denial to force the Debtor to produce records she does not legally possess or control. Federal Rule of Bankruptcy Procedure 9011(b)(1) explicitly bars filings presented for an improper purpose, "such as to harass... or needlessly increase the cost of litigation." Because the Plaintiff's own Exhibits, referred to above, show the Debtor has no personal assets tied to this Trust, it is clear that this adversary proceeding is an abusive attempt to gain discovery in a state court case. The Plaintiff has used three consecutive extensions of time under Federal Rule of Bankruptcy Procedure 4004(b) to prolong this case and allow the

Debtor a "fresh start." The Plaintiff, as a creditor, has failed to uncover any actionable fraud despite having three extended periods to "investigate", and the complaint should be dismissed because it is a "fishing expedition" meant to harass the debtor. This Court should not allow its jurisdiction to be weaponized for tactical gain in a stayed personal injury case.

## IV. CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order dismissing the Plaintiff's Adversary Complaint with prejudice, directing that the Debtor receive her Chapter 7 discharge, and granting such other and further relief as this Court deems just and proper.

Dated: June 30,2026

Respectfully submitted,

*Pamela Hyde Bell*

Pamela Hyde Bell
219 Gloucester Street
Franklin, TN 37064
615-916-1448
pbhb1127@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE [NASHVILLE DIVISION]

In re:
PAMELA HYDE BELL,
Debtor.
Bankruptcy Case No. 3:25-bk-03593
Chapter 7

---

CHRISTOPHER ROSS
Plaintiff,

v.

Adversary Proceeding No. 3:26-ap-90047
PAMELA HYDE BELL,
Defendent/Debtor

---

## [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter came before the Court upon the Motion to Dismiss Adversary Complaint filed by the Defendant/Debtor, Pamela Hyde Bell, pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6).

The Court, having reviewed the Motion, the accompanying Memorandum of Law, and the Plaintiff's Complaint together with its attached exhibits, finds that the Motion is well-taken. The Plaintiff's Complaint fails to state a claim upon which relief can be granted under 11 U.S.C. §§ 727(a)(3) and 727(a)(4) because the Plaintiff's own exhibits affirmatively demonstrate that the Debtor lacks possession, custody, or control of the third-party trust records and has openly disclosed all relevant historical information with an absence of fraudulent intent.

Accordingly, it is hereby **ORDERED** that:

1. The Defendant's Motion to Dismiss is **GRANTED**.
2. The Plaintiff's Adversary Complaint is **DISMISSED WITH PREJUDICE** in its entirety.
3. The Pre-Trial Conference scheduled for July 21, 2026, is hereby **CANCELLED** as moot.

## THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2026, a true and correct copy of the foregoing Notice and the accompanying Motion to Extend Time was served by first-class United States mail, postage prepaid, upon the following:

Henry E. (Ned) Hilldebrand, IV
Dunham Hildebrand Payne Waldron, PLLC
9020Overlook Boulevard, Suite 316 Brentwood, TN 37027

By: _Pamela Hyde Bell_

Pamela Hyde Bell, Defendant *pro se*